

Scott D. Bergin
Richard R. DuVall
Lance N. Portman
Richard J. Olson
Matthew V. Mirabile
Kimberly Hunt Lee
Rebecca M. Blahut
Daniel C. Stafford
Tristan Smith
Joanna M. Longcore
Thomas J. Cummings
Eric B. Wharton

Of Counsel
J. Joseph McGowan
David L. Posner
Ellen L. Baker
Hon. Albert M. Rosenblatt
Hon. George D. Marlow
Mary E. Tokarz
Cory A. Poolman

John E. Mack 1874-1958
Joseph A. McCabe 1890-1973
Edward J. Mack 1910-1998
Joseph C. McCabe 1925-1981



mccm.com

**Direct Dial: (845) 486-6894**
E-mail: klee@mccm.com

February 25, 2021

**ECF**
Hon. Cathy Seibel
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

RE:   Mazochi v. City of Beacon, et al
      7:21-cv-00913 (CS)
      Our File No. 5050-140

Dear Judge Seibel:

I represent the City of Beacon and write to request a pre-motion conference as it wishes to move to dismiss the complaint for failure to state a claim.

The complaint asserts 11 causes of action arising out of an incident with the police when she was detained at the station on January 13, 2020. She alleges that she went to the City of Beacon Courthouse to address a parking ticket. (Complaint, ¶11). She checked in, went through security and then to the Clerk's window as directed. (Complaint, ¶¶13, 16). The Clerk looked up her name and told her to have a seat and the officers would speak with her. (Complaint, ¶19). Police officers came and asked her name. (Complaint, ¶22).

Plaintiff was advised there was an arrest warrant for her. Officers asked her to accompany them to the police department, which is in the same building. (Complaint, ¶23). While she disputed there was a warrant, she agreed to go with them. (Complaint, ¶¶25, 26). She was handcuffed and escorted to an elevator after walking through the courtroom. (Complaint, ¶¶27, 32). Once they got to the police department, she was asked for identification. (Complaint, ¶37).

Officers retrieved the file relating to the warrant and in comparing plaintiff's identification with the warrant documentation, it was determined that the warrant was not for the same person. (Complaint, ¶44). Officers apologized and plaintiff was released. (Complaint, ¶48). She claims to have been "in

February 25, 2021
Page 2

custody" for half an hour.  (Complaint, ¶54).  Plaintiff was advised there was another person with the same name that burglarized a home and had a history of drug use.  (Complaint, ¶50).

These facts form the basis of the complaint, which alleges various violations under state and federal law: false arrest and imprisonment in violation of 42 U.S.C. §1983 (First Cause of Action); failure to train, screen, supervise and discipline by supervisory officers (Second Cause of Action); Monell liability against the City (Third Cause of Action); *respondeat superior* liability for the City for state law violations (Fourth Cause of Action); false arrest and imprisonment under state law (Fifth Cause of Action); assault and battery under state law (Sixth Cause of Action); negligence (Seventh Cause of Action); negligent hiring, retention, supervision and training (Eighth Cause of Action); "Constitutional Tort[s]" under the New York State Constitution (Ninth Cause of Action); trespass (Tenth Cause of Action); and intentional and negligent infliction of emotional distress (Eleventh Cause of Action).

The arrest warrant referenced - but not attached to - the complaint was for "Lisa Mazzocchi" for: 1) tampering physical evidence: conceal/destroy (felony); 2) Criminal Impersonation (misdemeanor); 3) criminal possession of a controlled substance - 7th (misdemeanor); 4) a second count of criminal possession of a controlled substance - 7th (misdemeanor); and 5) obstruction of governmental administration -2nd (misdemeanor). (see attached).

The complaint seeks compensatory and punitive damages.  Defendant seeks to move to dismiss all claims.

**The First Cause of Action**

Courts evaluating probable cause must consider those facts available to the officer at the time of the arrest and immediately before it. Probable cause exists when there are facts and circumstances sufficient to warrant a prudent man that the suspect had committed or was committing an offense.  See, e.g., Vasquez v. McPherson, 285 F.Supp.2d 334 (SDNY, 2003).  The arrest warrant will provide the probable cause necessary to dismiss these claims. Youngblood v. City of New York, 2019 U.S. Dist. Lexis 202902 (SDNY, 2019). Courts have repeatedly held that even where a plaintiff can establish an actual case of mistaken identity, there is no constitutional violation so long as there was probable cause for the arrest at the time. See, e.g., Francois v. United States, 528 F. Supp. 533, 536 (EDNY, 1981) ("A false arrest due to mistaken identity pursuant to a valid warrant does not give rise to a constitutional violation.")

Probable cause can still exist where it is based on mistaken information so long as the arresting officer acted in good faith. Ortiz v. Vill. of Monticello, 2012 U.S. Dist. LEXIS 158428 (SDNY, 2012).

Alternatively, this was no more than a "Terry stop" supported by the reasonable suspicion that the plaintiff was the same individual named in the warrant and the time she was held reasonable in length allowing the investigation and discovery of the mistake.

At a minimum, the officers' decision to take the plaintiff downstairs to the police department to investigate her claims of innocence would be protected by qualified immunity, or arguable probable

February 25, 2021
Page 3

cause, as it was objectively reasonable to do so and it is hard to imagine that no reasonable police officer would have done likewise.

**The Second and Third Causes of Action**

There are no facts in the complaint that could even be construed liberally to plausibly allege there is a valid Monell claim. There are no allegations that the conduct complained of [arrest or brief detention based on mistaken identity] was undertaken pursuant to a municipal "policy, custom or practice." Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978). "[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." Monell, 436 U.S. at 694. Plaintiff sets forth no facts or circumstances that would trigger municipal liability under any fair reading of the complaint. While official and unofficial policies may suffice, plaintiff must identify a "specific municipal policy or custom that caused his injuries or provided any allegations supporting a plausible inference of a pattern and practice through a failure to train or supervise. Ross v. Port Chester Hous. Auth., 2019 U.S. Dist. LEXIS 168768 (SDNY, 2019) *citing* Zachary v. City of Newburgh, 2014 U.S. Dist. LEXIS 57236 (SDNY, 2014).

Similarly, while the complaint alleges failure to train, screen, supervise or discipline subordinates, these are just boilerplate and conclusory statements. There are no factual allegations that would suffice to hold the City itself liable to the plaintiff for her alleged constitutional injury. While a municipality may be held liable for the actions of lower level employees where a policymaking official ordered the actions taken or "exhibits deliberate indifference to constitutional deprivations caused by subordinates", such that the officials' inaction constitutes a 'deliberate choice,' there are no such allegations here. Amnesty v. Town of W. Hartford, 361 F.3d 113 (2d Cir., 2004).

To hold a municipality liable under §1983, a plaintiff must show the municipal policy or custom caused the violation of plaintiff's constitutional rights. A municipality cannot be liable for acts by its employees which are not constitutional violations. Curley v. Village of Suffern, 268 F.3d 65, 71 (2d Cir., 2001).

**The State Law Claims Fail**

The court should decline to exercise jurisdiction over the state law claims, or dismiss outright those that are not actionable.

The state law false arrest and false imprisonment claims will fail for similar reasons to their federal counterparts. The state law assault and battery claim will also fail as plaintiff must prove there was bodily contact, the contact was offensive, i.e., wrongful under all the circumstances, and the intent to make the contact without the plaintiff's consent. Higgins v. Hamilton, 18 A.D.3d 436 (2d Dept., 2005). Contact such as handcuffing pursuant to a lawful arrest or "Terry stop" is privileged. Here, the only allegation with respect to an assault and battery could be the fact plaintiff was placed in handcuffs, which she consented to based on the allegations in the complaint. And given the nature of the multiple charges in the warrant, she was properly handcuffed for officer safety or to prevent her flight.

February 25, 2021
Page 4

The state law negligence claim is improperly pled and negligence claims cannot coexist with claims for intentional torts. Pateman v. City of White Plains, 2020 U.S. Dist. LEXIS 48191 (SDNY, 2020).

And even when the employee was acting within the scope of his employment and the employer may be liable for the employee's torts under a theory of *respondeat superior*, no separate claim may proceed against the employer for negligent supervision or training the allegedly negligent employee under New York common law.  Holland v. City of Poughkeepsie, 90 A.D.3d 841 (2d Dept., 2011).

Claims for "constitutional tort", trespass and Intentional and Negligent Infliction of Emotional Distress under state law similarly fail. First, there is no direct tort claim under the state constitution. Allen v. Antal, 665 Fed. App'x. 9,13 (2d Cir., 2016). Second, the privilege afforded police to touch a subject when there is probable cause, arguable probable cause or even reasonable suspicion would defeat a trespass claim even were one to be appropriate in this situation which defendants assert it is not. And third, New York  "bars claims sounding in intentional infliction of emotional distress against a governmental entity."  Wyllie v. Dist. Attorney of County of Kings, 2 A.D.3d 714, 720 (2d Dept., 2003) (*citing* Dillon v. City of New York, 261 A.D.2d 34, 41 (1st Dept., 1999)).  Also, there are no facts alleged to support either cause of action regardless of who the defendant is.  Both  emotional distress claims require a showing of "extreme and outrageous conduct, which so transcends the bounds of decency as to be recorded as atrocious and intolerable in a civilized society."  Dillon, 261 A.D.2d at 41.  There are no allegations plaintiff suffered physical injuries or that the officers' conduct put her at risk or in apprehension of physical injury.  The complaint alleges no more than a case of warrant-based mistaken identity, which the police straightened out quickly, professionally and politely. Neither infliction of emotional distress claim can survive a motion to dismiss.  See, e.g., D'Angelo-Fenton v. Town of Carmel Police Dept., 470 F.Supp.2d 387 (SDNY, 2007).

**Punitive Damages**

To the extent the complaint seeks punitive damages  against the City, it violates public policy.  Cross v. NYC Transit Auth., 417 F.3d 241, 254, 256-57 (2d Cir., 2005).  See also, Tenemille v. Town of Ramapo, 2020 U.S. Dist. LEXIS 17654 (SDNY, 2020).

As a result, defendants request a conference to establish a briefing schedule for a motion to dismiss.

Respectfully yours,

McCABE & MACK LLP

*Kimberly Hunt Lee*

KIMBERLY HUNT LEE

KHL/dmf
cc:     Jeffrey A. Rothman, Esq.

CR-00353-19 – UCS-120 – 02/20/2019

Page 1 of 1



## BEACON CITY COURT

1 Municipal Plaza, Suite 2, Beacon, NY 12508
Phone: (845) 431-1900  Fax: (845) 431-1736

UCS-120

ORIGINAL

The People of the State of New York

vs.

Lisa M. Mazzocchi

### Warrant-Arrest

Docket Number:   CR-00353-19

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK,

TO: ANY SWORN POLICE OFFICER IN THE STATE OF NEW YORK:

Whereas, an accusatory instrument having been filed in this Court charging the above-named defendant with the commission of the offense(s) of:

*FPO=Finger-printable Offense

| Charge | Charge Weight | Charge Description | No. of Counts | Count | *FPO | Prints Already Taken |
|---|---|---|---|---|---|---|
| PL 215.40 02 | EF | Tamp W/Phys Ev:Conceal/Destroy | 1 | 1 | Y | N |
| PL 190.25 01 | AM | Crim Impers-2nd:Other Person | 1 | 2 | Y | N |
| PL 220.03 | AM | Crim Poss Contrl Subst-7th | 1 | 3 | Y | N |
| PL 220.03 | AM | Crim Poss Contrl Subst-7th | 1 | 4 | Y | N |
| PL 195.05 | AM | Obstruct Governmentl Admin-2nd | 1 | 5 | Y | N |

The above-named defendant not having been arraigned upon the accusatory instrument commencing this criminal action, and this court requiring said defendant's personal appearance for the purpose of arraignment upon the accusatory instrument;

**YOU ARE, HEREBY, COMMANDED TO FORTHWITH ARREST THE ABOVE-NAMED DEFENDANT AND BRING HIM/HER BEFORE THIS COURT.**

| AKA(s): | | | | | CJTN: | |
|---|---|---|---|---|---|---|
| | | | | | NYSID: | 06267012J |
| | | | | | Arrest Number: | |
| | | | | | Complaint Number: | |
| Sex: Female | Race: White | DOB: ▓▓1964 | EYO: N | YO: N | Gang Affiliation: | |

Issued: February 20, 2019

Dated:   February 20, 2019

_____
Hon. Timothy G. Pagones
City Court Judge

Endorsement for execution outside county of issuance or adjoining counties [CPL §120.70(2)(b)]:
County of _____, City of _____
This warrant may be executed within the County of _____, New York

Dated: _____
                                    **Endorsing Judge/Justice**

By virtue of the within warrant, I have arrested and have in my custody the above-named defendant.

Dated: _____
                                    **Arresting Officer**